# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHAWN FORSYTHE,

    Defendant.

:

:

Case No. 2:20-cr-65
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court on a Motion for Return of Property filed by Lisa Forsythe, the wife of Defendant Shawn Forsythe. (Mot., ECF No. 47.) The Government has filed a Response in Opposition to the Motion. (Resp., ECF No. 49.) The Motion is now ripe for consideration. For the reasons set forth below, Mrs. Forsythe's Motion is **DENIED**.

### I. Background

#### A. The Seizure of $49,792

Ms. Forsythe seeks the return of $49,792 (the "U.S. Currency") that she represents was seized on July 7, 2019, from her marital residence of 442 Derrer Road in Columbus. (Mot.) The Motion states that the Columbus Police Department ("CPD") executed a search warrant on that date. (*Id*.) Ms. Forsythe provides no evidence in support of these statements.

The Government's Response includes evidence detailing the searches executed in the investigation into Mr. Forsythe. Notably, the CPD Criminal Investigation Summary completed following the July 7, 2019 search represents that the incident related to a possible stolen four-wheeler at the Derrer Road residence. (Resp. Ex. A, ECF No.

49-1 *See also* Amended Probable Cause Affidavit in support of the Criminal Complaint ("Am. Aff."), ECF No. 9 at PAGEID # 12.) Upon arriving at the Derrer Road residence, CPD observed Mr. Forsythe in possession of a firearm. (*Id. See also* Am. Aff.) CPD obtained authorization from Mrs. Forsythe to search the home for a firearm that the officers believed they had seen in Mr. Forsythe's possession. (*Id. See also* Am. Aff.) Mrs. Forsythe signed a CPD Consent to Search Without a Warrant form and showed the officers where Mr. Forsythe had placed the gun he previously had in his possession. (*Id. See also* Am. Aff.) The officers recovered the firearm and placed Mr. Forsythe under arrest. (*Id. See also* Am. Aff.) Neither the CPD Criminal Investigation Summary (*id.*) nor the Amended Probable Cause Affidavit in support of the Criminal Complaint (Am. Aff., PAGEID # 13) indicate that any other assets or property were seized from the residence on July 7, 2019. Further, the docket in the resulting felony charge against Mr. Forsythe for having a weapon while under disability (Franklin Cty. Muni. Ct. Case No. 2019 CR A 012221) contains no mention of forfeiture. (Resp. Ex. B., ECF No. 49-2.)

On October 10, 2019, an indictment was returned by the Grand Jury of the State of Ohio, in Franklin County, Ohio Case Number 19 CR 005225, charging Mr. Forsythe with Having Weapons While Under Disability and Tampering With Evidence (Franklin Cty. Ct. Com. Pl. Case No. 19 CR 005225) in relation to the July 7, 2019 search. (Resp. Ex. C, ECF No. 49-3.) No forfeiture was included in that charging instrument or reflected on the docket. (*Id.*) The case was subsequently dismissed in light of federal indictment on the same charges. (*Id.*)

On March 13, 2020, law enforcement officers, including agents of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), executed a federal Search and Seizure

Warrant at the Derrer residence. (S.D. Ohio Case No. 2:20-mj-169, Search and Seizure Warrant Return, ECF No. 5.) As a result of this warrant, ATF seized several firearms, plus ammunition, jewelry, suspected narcotics, electronic devices, and cash. (*Id.*) On March 17, 2020, the United States deposited the seized cash into the Seized Asset Deposit Fund. (Resp. Ex. D, ECF No. 49-4.) The cash deposited into the Seized Asset Deposit Fund totaled $49,792 (*id.*) and comprises the U.S. Currency now at issue.

### B. Mr. Forsythe's Criminal Proceedings

A criminal complaint was filed against Mr. Forsythe on March 12, 2020, alleging that he violated 18 U.S.C. § 922(g)(1), knowingly possessing a firearm by a convicted felon. (ECF No. 1.) Following his arrest, Mr. Forsythe was indicted on one count of possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF No. 14.) A subsequent Superseding Information modified Count One to specify that Mr. Forsythe was charged with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and (b)(1)(B)(i). (ECF No. 27.)

Mr. Forsythe agreed to plead guilty to the charges in the Superseding Information. (ECF No. 28.) The Plea Agreement includes a forfeiture provision, pursuant to which Mr. Forsythe agreed "to forfeit all of his right, title, and interest in the U.S. currency described in Forfeiture A of the Superseding Information which was seized from him at the time of his arrest" (the U.S. Currency). (*Id.*, at 3. *See also* ECF No. 27, at 2.) Mr. Forsythe "acknowledge[d] that the currency represents, or was derived from proceeds he obtained as a result of the illegal activity alleged in Count One of the Information" (possession with

intent to distribute narcotics). (ECF No. 28, at 3.)

On September 24, 2020, the Court entered a Preliminary Order of Forfeiture ordering, *inter alia*, that Mr. Forsythe "shall forfeit" the U.S. Currency. (ECF No. 32.) That Preliminary Order authorized the Government "to conduct any discovery proper in identifying, locating, or disposing of" the U.S. Currency in accordance with Rule 32.2(b)(3) of the Federal Rules of Criminal Procedures. (*Id.*, at 4.) The Government was further instructed, in accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6), to "publish notice of [the Preliminary Order] and of its intent to dispose of the subject property [including the U.S. Currency] in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding." (*Id.*) The Government filed a Declaration of Publication on November 13, 2020, declaring that the notice was published from October 1 to October 30, 2020. (ECF No. 36.)

On February 16, 2021, this Court sentenced Mr. Forsythe to consecutive terms of 60 months on Count One and 60 months on Count Two of the Superseding Information, and to a term of supervised release. (ECF No. 45.) There has been no final order of forfeiture.

**II.   Analysis**

Despite the fact that she has filed a Motion with this Court asking that this Court "return to her possession the $49,792.00 seized during the arrest of her husband," Mrs. Forsythe asserts that the Court lacks jurisdiction over the disposition of the U.S. Currency. (Mot., at 2.) Mrs. Forsythe provides no evidence in support of her Motion. The only legal

4

authority she cites is Ohio Rev. Code § 2981.14(B), which restricts the circumstances in which a local law enforcement agency may transfer seized property to federal law enforcement authorities for purposes of forfeiture under federal law. The CPD Criminal Investigation Summary (Resp. Ex. A) does not reflect that CPD seized any currency on July 7, 2019. In contrast, the evidence reflects that the U.S. Currency was seized by ATF (a *federal* law enforcement agency) pursuant to a *federal* search warrant. (*See* S.D. Ohio Case No. 2:20-mj-169; Resp. Ex. D.) Accordingly, this Court has jurisdiction over the U.S. Currency. 28 U.S.C. § 1356.

The question then becomes whether a Motion for Return of Property, such as the one *sub judice*, is the right mechanism to seek return of the U.S. Currency. The answer is no. The U.S. Currency is the subject of a Preliminary Order of Forfeiture issued in accordance with 21 U.S.C. § 853 and Rule 32.2. The "*only avenue*" for protecting an interest in property subject to an order of forfeiture is found at 21 U.S.C. § 853(n). *Brown v. United States*, 692 F.3d 550, 552 (6th Cir. 2012) (quoting *U.S. v. Wade*, 255 F.3d 833, 837 (D.C. Cir. 2001)) (citations omitted) (emphasis added). *See also United States v. Warshak*, No. 1:06-CR-00111, 2009 WL 113232 (S.D. Ohio Jan. 14, 2009) (Spiegel, J.) (concluding that third parties lacked standing to challenge a forfeiture order, and that their "recourse is in the ancillary proceeding, . . . or by petitioning the Attorney General for a remission of forfeiture"); Fed. R. Crim. P. 32.2(c) ("If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding . . . "). Section 853(n) sets out a detailed procedure by which a third party may assert a legal interest in property ordered forfeited. However, Section 853 also bars a third party from "interven[ing] in a trial or appeal of a criminal case involving the forfeiture of" property. 21 U.S.C. § 853(k).

5

Mrs. Forsythe's Motion for Return of Property is plainly an effort to intervene in her husband's criminal case involving the forfeiture of the U.S. Currency. This is in error. Mrs. Forsythe must follow the ancillary procedure set forth in 21 U.S.C. § 853(n) to seek the return of the U.S. Currency.

### III. Conclusion

For the reasons set forth above, the Motion for Return of Property is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**